# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BLUE STAR LAND SERVICES, LLC, | ) |
|     Plaintiff, | ) |
| -AND- | ) |
| DEVON ENERGY PRODUCTION COMPANY, L.P., | ) |
|     Plaintiff/Intervenor, | ) Case No. CIV-17-00931-R |
| v. | ) |
| THEO C. COLEMAN, JEFFREY D. MORRIS, AMARA S. JOHNSON, f/k/a AMARA SINCLAIR, and ROCK CREEK LAND & ENERGY COMPANY, LLC, | ) |
|     Defendants. | ) |

## COMPLAINT IN INTERVENTION OF DEVON ENERGY PRODUCTION COMPANY, L.P.

Devon Energy Production Company, L.P. ("Devon"), intervenor herein as a co-Plaintiff, alleges as follows:

1. Plaintiff Blue Star Land Services, LLC ("Blue Star") commenced this action on August 29, 2017, by filing a "Verified Original Complaint and Request for Seizure" (Doc. 1) ("Verified Complaint"). Plaintiff Blue Star seeks relief under the Defend Trade Secrets Act of 2016, 18 U.S.C. §1836 *et seq.* ("DTSA") and the Oklahoma Uniform Trade Secrets Act, 78 O.S. §§85-94 ("OUTSA").

2. Devon sought, and the Court granted, permission for Devon to intervene as a co-Plaintiff herein. Devon claims an interest in intangible property that is the subject of

the Verified Complaint, and this intangible property is protected by DTSA and OUTSA as trade secrets.

## SUBJECT MATTER JURISDICTION

3. This Court possesses subject matter jurisdiction of the claim asserted herein under DTSA pursuant to 18 U.S.C. §1836(c) and 28 U.S.C. §1331, and possesses supplemental jurisdiction of the related state claims asserted herein pursuant to 28 U.S.C. §1367(a).

## FACTUAL BACKGROUND

4. In Blue Star's Verified Complaint, Blue Star alleges that its former employees, the named individual Defendants, misappropriated Blue Star's "clients' trade secrets and highly confidential and proprietary information" for use with a competing business, the named LLC Defendant.  Verified Complaint, ¶2.

5. The Verified Complaint specifically identifies Devon as one entity whose trade secrets have been misappropriated and further identifies examples of Devon's misappropriated, highly confidential trade secrets, beginning with Devon's "Rig Schedule" setting forth "the entire schedule for all wells to be drilled by Devon Energy in the entire State of Oklahoma." Verified Complaint, ¶2.

6. Plaintiff Blue Star alleges that Devon's Rig Schedule "merely illustrate[s] the type of information misappropriated by Defendants."  Verified Complaint, ¶3. Plaintiff Blue Star further alleges that Defendants misappropriated its "clients' rig schedules, acreage reports, ownership reports, and detailed maps which reveal the clients' highly protected business plans and strategies." Verified Complaint, ¶30.

7. Devon has furnished substantial financial, business, technical, economic, and other information to Plaintiff Blue Star for the sole purpose of advancing Devon's business interests, and subject to a confidentiality agreement as stated below. Such information of Devon has independent economic value because it is not readily ascertainable through proper means by persons who can obtain economic value from its disclosure or use. Devon has taken reasonable measures to keep such information secret, including an agreement with Blue Star that requires Blue Star to strictly preserve and safeguard the confidentiality of nonpublic business information relating to Devon's operations. Devon's Rig Schedule and other confidential information that Devon entrusted to Plaintiff Blue Star are trade secrets within the meaning of 18 U.S.C. §1839(3) (DTSA) and 78 O.S. §86(4) (OUTSA).

8. Based on the verified allegations of Plaintiff's Verified Complaint, Devon is informed and believes that Defendants have "misappropriated" Devon's trade secrets as that term is defined in the DTSA, 18 U.S.C. §1839(5), and in the OUTSA, 78 O.S. §86(2).

9. Defendants have through counsel acknowledged that Defendants did, in fact, take Devon's Rig Schedule, albeit asserting that Defendants did not purposefully take it while, apparently, they were downloading other information from Plaintiff Blue Star. Devon has no knowledge regarding Defendants' purpose in taking Devon's property, but alleges the following based on its rightful presumption that Defendants intended the natural and probable consequences of their acts, and based on the verified allegations of Plaintiff Blue Star in its Verified Complaint. Defendants have also acknowledged through

counsel that Devon has a valid interest in protecting its Rig Schedule, that Devon has a proprietary or privacy interest in such information, that such information should not be used for any purpose other than that intended by Devon, and that such information should remain confidential.  Defendants' counsel has offered to restore or destroy such information when permitted to do so by the Court.

10. Devon's investiture of possession of its confidential and proprietary information with Blue Star did not entitle any third party to divest such information from Blue Star, for any purpose whatsoever, absent Devon's authorization.  Defendants are not entitled to possess any of the property that Devon entrusted to Blue Star without Devon's authority, and Devon has given no such authority.  Devon has never authorized any of the Defendants to possess its property independently of their capacity and role as Blue Star employees.

## CLAIMS FOR RELIEF
### COUNT I:  Defend Trade Secrets Act

11. Devon joins in Plaintiff Blue Star's claim for relief in its Cause of Action under Section A, ¶¶88-92, to the extent that such claim and request relates to Devon's property.  Devon seeks an injunction pursuant to the Defend Trade Secrets Act of 2016, 18 U.S.C. §1836 ("DTSA"), specifically §1836(b)(3), to prevent actual or threatened misappropriation of Devon's trade secrets, and to require restoration to Blue Star and Devon of any of Devon's property, tangible or intangible, embodying Devon's trade secrets.  Devon also requests that Defendants be enjoined from disclosure or misuse of

Devon's confidential or proprietary information, and that all information taken by Defendants belonging to Devon be identified.

12. Devon seeks damages for its actual losses caused by Defendants' misappropriation, and for any unjust enrichment that is not addressed in computing damages for actual loss. Alternatively, as allowed by DTSA, 18 U.S.C. §1836(b)(3)(B)(iii), Devon seeks damages under any reasonable alternative method necessary to compute such damages, including a reasonable royalty.

13. Unless all parties assent to an agreed order to encrypt Devon's information that is the subject of this action, Devon requests and will move for such encryption of such information pursuant to 18 U.S.C. §1836(b)(2)(H) until it is returned or destroyed, as appropriate. Devon requests that the information be encrypted using the Advanced Encryption Standard, using 256 bit encryption.

### COUNT II: Oklahoma Uniform Trade Secrets Act

14. Pursuant to the Oklahoma Uniform Trade Secrets Act, 78 O.S. §§85-94 ("OUTSA"), and specifically 78 O.S. §87, Devon seeks an injunction against the misappropriation of Devon's trade secrets, mandatorily requiring the return to Plaintiffs Blue Star and Devon of Devon's property embodying such trade secrets, the permanent destruction of all of Devon's digital information containing Devon's trade secrets that cannot reliably be returned to Plaintiffs, and prohibiting Defendants from any further disclosure, exploitation, or use of such trade secrets. Devon also requests that Defendants be directed to identify all information taken by them belonging to Devon for purposes of crafting further relief, and that the Court appoint and supervise an independent third

party, subject to a Court-supervised confidentiality order, to (i) verify Defendants' identification of any of Devon's information in their possession, and (ii) verify Defendants' proper destruction of any information that the Court finds should be destroyed rather than returned to Blue Star and Devon.

15. Pursuant to the OUTSA, 78 O.S. §88, Plaintiff Devon seeks damages, including Devon's actual loss and Defendants' unjust enrichment, for the misappropriation of its trade secrets, or alternatively a reasonable royalty.

### COUNT III: Replevin

16. To the extent that Defendants have misappropriated Devon's specific tangible property embodying Devon's information, such as but not limited to specific physical documents embodying Devon's confidential or proprietary information, Devon is entitled to an order of immediate delivery of such property to Devon pursuant to 12 O.S. §§1571 et seq.

17. Plaintiff Devon requests recovery of its reasonable attorney's fees pursuant to 12 O.S. §1580.

### COUNT IV: Conversion

18. To the extent that Defendants have exercised wrongful dominion and control over specific tangible property owned by Devon for which Devon gave temporary custody to Blue Star, Defendants have converted Devon's property. Devon requires discovery and opportunity to learn whether any such physical documents have been converted.

19. Plaintiff Devon is entitled to damages for the conversion of any of its tangible property, measured by the value of the information embodied therein, by the losses Devon sustains as a result of Defendants' misuse of such property, or by the value to Defendants of such property measured by their unjust enrichment, at Devon's election.

### COUNT V:  Tortious interference with contractual relations

20. Defendants' misappropriation of Devon's tangible and intangible property entrusted by Devon to Blue Star for purposes of allowing Blue Star to perform its contract with Devon constitutes an unprivileged interference with Devon's contractual relationship with Blue Star.  Blue Star needs such information to properly perform its contract with Devon.

21. Devon seeks its actual damages suffered as a result of Defendants' interference with its contractual relationship with Blue Star.

### PRAYER FOR RELIEF

Plaintiff Devon joins in Plaintiff Blue Star's request for injunctive relief relating to Devon's property, to destroy or return and forbear from disclosure or misuse of such property, and requests actual damages, and reasonable attorney's fees based on each of the claims set forth above.  Plaintiff Devon also requests the costs of this action and for such further equitable or legal relief as may be warranted under the circumstances as shown at trial.

Respectfully submitted,

s/John J. Griffin
JOHN J. GRIFFIN, JR., OBA #3613
HARVEY D. ELLIS, OBA #2694

        L. MARK WALKER, OBA #10508
        CROWE & DUNLEVY
        A Professional Corporation
        324 N. Robinson Ave., Suite 100
        Oklahoma City, Oklahoma 73102
        (405) 235-7700
        (405) 239-6651 (Facsimile)
        john.griffin@crowedunlevy.com
        harvey.ellis@crowedunlevy.com
        mark.walker@crowedunlevy.com

        **ATTORNEYS FOR DEVON ENERGY PRODUCTION COMPANY, L.P.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of November, 2017, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

    Lauren Barghols Hanna - lauren.hanna@mcafeetaft.com
    Matthew Mitzner - mathew.mitzner@tklaw.com
    Anthony J. Campiti - tony.campiti@tklaw.com
    Matthew C. Kane - mkane@ryanwhaley.com
    Bruce A. Robertson - brobertson@ryanwhaley.com

        s/John J. Griffin, Jr.