IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

BLUE STAR LAND SERVICES,

    Plaintiff,

and

DEVON ENERGY PRODUCTION
COMPANY, L.P.

    Plaintiff/Intervenor,

vs.

THEO C. COLEMAN; JEFFREY D.
MORRIS; AMARA S. JOHNSON f/k/a
AMARA SINCLAIR; and ROCK
CREEK LAND AND ENERGY
COMPANY, LLC,

    Defendants.

No. CIV-17-931-R

## DEFENDANTS' ANSWER TO INTERVENOR COMPLAINT

Come now Defendants Theo C. Coleman, Jeffrey D. Morris and Rock Creek Land and Energy Company, LLC ("Defendants") and for its answer to the Complaint in Intervention of Devon Energy Production Company, L.P. ("Devon") and denies each and every allegation in said Complaint unless expressly admitted herein.

1. In response to the allegations in Paragraph 1 of Devon's Intervenor Complaint, Defendants admit that Blue Star filed a Complaint, seeking relief under the Defend Trade Secrets Act of 2016 and the Oklahoma Uniform Trade Secrets Act. In all other aspects, including the applicability of such acts, Defendants deny the allegations contained in Paragraph 1.

1

2. In response to the allegations in Paragraph 2 of Devon's Intervenor Complaint, Defendants admit that Devon requested and received relief to intervene in this matter. Defendants deny that the subject documents are protected by DTSA and OUTSA.

3. Defendants admit jurisdiction.

4. Defendants admit that Blue Star's Complaint contains the allegation quoted in Paragraph 4 of Devon's Intervenor Complaint, but denies the allegations contained therein.

5. Defendants admit that Blue Star's Complaint contains the allegation quoted in Paragraph 5 of Devon's Intervenor Complaint, but denies the allegations contained therein.

6. Defendants admit that Blue Star's Complaint contains the allegation quoted in Paragraph 6 of Devon's Intervenor Complaint, but denies the allegations contained therein.

7. Defendants admit Devon provided various documents to Blue Star as alleged in Paragraph 7 of Devon's Intervenor Complaint. Rock Creek denies that" Devon's Rig Schedule and other confidential information are trade secrets within the meaning of the [DTSA and OUSTA]."

8. Defendants deny the allegations in paragraph 8 of the Intervenor Complaint.

9. Defendants admit that they believe the Devon Rig Schedule was included in Theo's download of his email account. Defendants further admit Devon has a legitimate interest in the Rig Schedule. Defendants have no interest in such information, have communicated the same to Devon, have not used such information, and agreed not to use

such information and to keep it confidential. Defendants further admit they offered to restore or destroy such information when permitted by the Court prior to the filing of the Intervenor Complaint.

10. Based on Defendants' understanding of Devon and Blue Star's past pattern and practice, Defendants deny the allegations in paragraph 10 of the Intervenor Complaint.

11. Defendants deny the allegations in paragraph 11 of the Intervenor Complaint, including but not limited to the applicability of the DTSA. Devon's requested injunctive relief is unnecessary given the injunction entered by the Court on September 13, 2017 [Dkt. No. 25]. Defendants further state that, prior to the filing of this litigation, they offered to return or destroy Devon's information. See Intervenor Complaint, ¶ 9.

12. Defendants deny the allegations in paragraph 12 of the Intervenor Complaint.

13. Defendants deny the allegations in paragraph 13 of the Intervenor Complaint. Defendants further state that, prior to the filing of this litigation, they offered to return or destroy Devon's information. Given the existing injunction and Defendants' willingness to return or destroy the documents at issue, there is no need for the requested "encryption." See Intervenor Complaint, ¶ 9.

14. Defendants deny the allegations in paragraph 14 of the Intervenor Complaint, including but not limited to the applicability of the OUTSA. Devon's requested injunctive relief is unnecessary given the injunction entered by the Court on September 13, 2017 [Dkt. No. 25]. Defendants further state that, prior to the filing of this litigation, they offered to return or destroy Devon's information. See Intervenor Complaint, ¶ 9.

15. Defendants deny the allegations in paragraph 15 of the Intervenor Complaint.

16. Defendants deny the allegations in paragraph 16 of the Intervenor Complaint, including but not limited to the existence of any physical documents in which Devon claims an interest in Defendants' possession.

17. Defendants deny the allegations in paragraph 17 of the Intervenor Complaint.

18. Defendants deny the allegations in paragraph 18 of the Intervenor Complaint, including but not limited to the existence of any physical documents in which Devon claims an interest in Defendants' possession.

19. Defendants deny the allegations in paragraph 19 of the Intervenor Complaint.

20. Defendants deny the allegations in paragraph 20 of the Intervenor Complaint.

21. Defendants deny the allegations in paragraph 21 of the Intervenor Complaint.

22. Defendants deny the allegations contained in Devon's "Prayer for Relief," and specifically that Devon is entitled to any damages here. Defendants further state that, prior to the filing of this litigation, they offered to return or destroy Devon's information. See Intervenor Complaint, ¶ 9.

## AFFIRMATIVE DEFENSES

1. Failure to state a claim.

2. Waiver.

3. Defendants reserve the right to supplement or amend affirmative defenses as additional information becomes available.

Respectfully Submitted,

*s/Matthew C. Kane*
Matthew C. Kane, OBA#19502
Bruce A. Robertson, OBA # 13113
RYAN WHALEY COLDIRON JANTZEN
 PETERS & WEBBER PLLC
900 Robinson Renaissance
119 North Robinson
Oklahoma City, OK 73102
Telephone: (405) 239-6040
Facsimile: (405) 239-6766
Emails: mkane@ryanwhaley.com
 brobertson@ryanwhaley.com

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2017, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a notice of electronic filing to the following counsel of record:

Lauren Barghols Hanna – lauren.hanna@mcafeeteft.com
McAfee & Taft A Professional Corporation
10th Floor, Two Leadership Square
211 N. Robinson
Oklahoma City, OK 73102

Matthew Mitzner- matthew.mitzner@tklaw.com
Anthony J. Campiti – tony.campiti@tklaw.com
Thompson & Knight LLP
1722 Routh Street, Suite 1500
Dallas, TX 75201

John J. Griffin, Jr. – john.griffin@crowedunlevy.com
Harvey D. Ellis- harvey.ellis@crowedunlevy.com
L. Mark Walker- mark.walker@crowedunlevy.com
Crowe & Dunlevy, A Professional Corporation
324 N. Robinson Ave., Suite 100
Oklahoma City, OK 73102

*s/Matthew C. Kane*
Matthew C. Kane, OBA#19502